# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

### Civil Case Number: _____

| | |
|---|---|
| Amandra Hicks, *on behalf of herself and all others similarly situated*, | : <br> : <br> : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | : **CLASS ACTION COMPLAINT** |
| Health Insurance Innovations, Inc. | : <br> : <br> : |
| Defendant. | : <br> : <br> : |

For her Class Action Complaint, Plaintiff, Amandra Hicks, by and through her undersigned counsel, pleading on her own behalf and on behalf of all others similarly situated, states as follows:

### INTRODUCTION

1.      Plaintiff, Amandra Hicks ("Plaintiff"), brings this class action for damages resulting from the illegal actions of Health Insurance Innovations, Inc. ("Health Innovations" or "Defendant").  Defendant negligently, knowingly, and/or willfully placed automated and prerecorded calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2.      Health Innovations is a medical insurance sales corporation with a focus on short-term and limited medical plans.  Health Innovations operates a "cloud" based platform to facilitate the sale of, in addition to the billing and collection of, insurance plans and associated premiums.

3.      As part of its collections operation, Health Innovations operates an aggressive contact schedule which bombards unsuspecting consumers, with whom it has no relationship,

with robocalls and prerecorded messages.

4.      Plaintiff is such a consumer. She is not a Health Innovations customer yet has been bombarded with autodialed and pre-corded calls made without her consent and over her explicit objection.

5.       Plaintiff seeks relief for herself and all others similarly situated for Health Innovations' unlawful behavior.

## JURISDICTION AND VENUE

6.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 751-53 (2012).

7.      Jurisdiction in this District is proper pursuant to 28 U.S.C. § 1332(d)(2), as Plaintiff seeks up to $500 in damages for each violation of the TCPA, which when aggregated among a proposed class numbering more than a thousand members, exceeds the $5,000,000.00 threshold for federal court jurisdiction.  Plaintiff also alleges a national class which will result in at least one class member residing in a different state.

8.      The Court has personal jurisdiction over Health Innovations as Health Innovations's principal place of business is within this District.

9.      Venue is proper in this District.  Defendant regularly, and at all times relevant herein, conducted business in this District and it expressly aimed its conduct at this District.

## PARTIES

10.      Plaintiff is, and at all times mentioned herein was, an adult individual residing in Pensacola, Florida.

11.      Health Innovations is a Delaware corporation with its principal place of business located at 15438 N. Florida Avenue, # 201, Tampa, Florida 33613.

12.     Plaintiff has never had a business relationship with Health Innovations and never consented to be contacted by Health Innovations on her cellular telephone.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

13.     The TCPA regulates, among other things, the use of automated telephone dialing systems.

14.     47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

> (A)     to store or produce telephone numbers to be called, using a random or sequential number generator; and

> (B)     to dial such numbers.

15.     Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

16.     Defendant has repeatedly placed automated calls using an ATDS and prerecorded voice's to Plaintiff's cellular telephone (856) XXX-0601.

17.     Plaintiff's number was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

18.     Health Innovations calls Plaintiff from telephone number 201-917-1603.

19.     Health Innovations has inserted Plaintiff's telephone number in an automated calling campaign to further Health Innovation's efforts to contact a person named "Ocie Cosby."

20.     The Plaintiff does not have any relationship with this "Ocie Cosby" nor does she know who this person is.

21.     Health Innovations has bombarded the Plaintiff with multiple daily automated calls including, but not limited to, on the following dates and times:

April 17, 2017 at 8:12 am

April 17, 2017 at 6:53 pm

April 18, 2017 at 10:01 am

April 18, 2017 at 1:04 pm

April 19, 2017 at 1:44 pm

April 19, 2017 at 7:47 pm

April 20, 2017 at 8:05 am

April 20, 2017 at 4:01 pm

April 21, 2017 at 1:23 pm

April 22, 2017 at 10:18 am

April 22, 2017 at 1:42 pm

April 28, 2017 at 6:49 pm

April 29, 2017 at 9:50 am

May 2, 2017 at 7:25 pm

May 9, 2017 at 7:23 pm

May 10, 2017 at 8:33 am

22.     Plaintiff has told Defendant on multiple occasions that she is not Ocie Cosby and that Defendant is to stop calling her.

23.     On April 17, 2017, Plaintiff called Defendant at the 201-917-1603 telephone number and spoke with a representative.  She specifically told Defendant's representative that

(1) she was calling in regards to calls to her at her -0601 telephone number, (2) she was not "Ocie Cosby", and (3) Defendant was to stop further calls to the -0601 number.

24.     Defendant's representatives advised that Plaintiff would be put on an internal do-not-call list and she would not be called again.

25.     Nevertheless, the calls to Plaintiff at the -0601 number have persisted and continued.

26.     At all times mentioned herein, Health Innovations called Plaintiff's cellular telephone using an "automatic telephone dialing system" ("autodialer") as defined by 47 U.S.C. § 227(a)(1).

27.     When Plaintiff answered calls from Health Innovations, she heard an extended period of silence, a pop or clicking noise, before the calls would be routed to a live agent.  This is indicative of Health Innovations's use of a "predictive dialer."

28.     The Federal Communications Commission has defined ATDS under the TCPA to include "predictive dialers."  *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, at ¶ 12, 2008 WL 65485 (F.C.C.) (2008).

29.     In addition, upon information and belief the hardware and software combination utilized by Health Innovations has the capacity to store and dial sequentially generated numbers, randomly generated numbers or numbers from a database of numbers.

30.     Defendant uses prerecorded and artificial messages when it calls the Plaintiff.  On May 1, 2017, Defendant left the following message, which was played by a blended artificial and prerecorded voice:

> Hi.  I'm Susan in customer service with Health Insurance Innovations calling *Ocie Cosby* regarding a monthly payment on principal advantage.  We need to update

your account so your monthly payment will process. Please, call me toll free at 877-376-5831 during weekdays during from 8:30 am to 7:30 pm eastern standard time.  Just ask for Susan.  Please don't delay.  Keep your benefits active. Thank you.

31.     The highlighted "Ocie Cosby" in the message is played by a computerized text-to-speech program.

32.     The same message has been used by the Defendant on multiple occasions including on May 8, 2017.

33.     Defendant did not have Plaintiff's prior express consent to place automated calls to Plaintiff on her cellular telephone.

34.     Defendant did not have Plaintiff's prior express consent to call Plaintiff using an artificial or prerecorded voice.

## **CLASS ACTION ALLEGATIONS**

**A.  The Class**

35.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all others similarly situated.

36.     Plaintiff represents, and is a member of the following two classes:

**Class A**

**All persons within the United States to whom Health Innovations or its agent/s and/or employee/s called said person's cellular telephone through the use of any automatic telephone dialing system within the four years prior to the filing of the Complaint.**

**Class B**

**All persons within the United States to whom Health Innovations or its agent/s and/or employee/s called said person's cellular telephone with an artificial or prerecorded voice within the four years prior to the filing of the Complaint.**

37.     Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes, but believes the Class members number in the several thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

**B.  Numerosity**

38.     Upon information and belief, Defendant has placed automated and/or prerecorded message calls to cellular telephone numbers belonging to thousands of consumers, after being informed it was calling the wrong party, throughout the United States.  The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

39.     The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery.  Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**C.  Common Questions of Law and Fact**

40.     There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members.  These questions include:

a.   Whether Defendant made calls to Plaintiff and Class members' cellular telephones using an ATDS;

b.   Whether Defendant made calls to Plaintiff and Class members' cellular telephones using an artificial or prerecorded voice;

c.   Whether Defendant can meet its burden of showing it obtained prior express consent to make each call;

d.   Whether Defendant's conduct was knowing willful, and/or negligent;

    e.   Whether Defendant is liable for damages, and the amount of such damages; and

    f.   Whether Defendant should be enjoined from such conduct in the future.

41.    The common questions in this case are capable of having common answers.  If Plaintiff's claim that Defendant routinely places automated calls to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**D.  Typicality**

42.    Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**E.  Protecting the Interests of the Class Members**

43.    Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this action.

**F.  Proceeding Via Class Action is Superior and Advisable**

44.    A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of Class members in individually controlling the prosecutions of separate claims against Health Innovations is small because it is not economically feasible for Class members to bring individual actions.

45.    Management of this class action is unlikely to present any difficulties.  Several courts have certified classes in TCPA actions.  These cases include, but are not limited to: *Mitchem v. Ill. Collection Serv.*, 271 F.R.D. 617 (N.D. Ill. 2011); *Sadowski v. Med1 Online, LLC*,

2008 WL 2224892 (N.D. Ill., May 27, 2008); *CE Design Ltd. V. Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D. Ill. 2009); *Lo v. Oxnard European Motors, LLC*, 2012 WL 1932283 (S.D. Cal., May 29, 2012).

### COUNT I
### Negligent Violations of the Telephone Consumer Protection Act,
### 47 U.S.C. § 227, *et seq.*

46.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

47.     Defendant negligently placed multiple automated and prerecorded calls to cellular numbers belonging to Plaintiff and the other members of the Classes without their prior express consent.

48.     Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

49.     Plaintiff and the Classes are entitled to an award of $500.00 in statutory damages for each message sent in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

50.     Additionally, Plaintiff and the Classes are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

51.     Plaintiff and the Classes are also entitled to and do seek a declaration that:

a.   Defendant violated the TCPA;

b.   Defendant placed telemarketing text messages; and

c.   Defendant placed text messages to the Plaintiff and the Classes without prior express written consent.

### COUNT II
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act,
### 47 U.S.C. § 227, *et seq.*

52.     Plaintiff repeats and realleges the above paragraphs of this Complaint and

incorporates them herein by reference.

53.     Defendant knowingly and/or willfully placed multiple automated calls to cellular numbers belonging to Plaintiff and the other members of the Classes without their prior express consent.

54.     Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

55.     As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff and the Classes are entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

56.     Additionally, Plaintiff and the Classes are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

57.     Plaintiff and the Classes are also entitled to and do seek a declaration that:

    a.  Defendant knowingly and/or willfully violated the TCPA;

    b.  Defendant knowingly and/or willfully placed telemarketing text messages to Plaintiff and the Classes;

    c.  Defendant knowingly and/or willfully obtained the telephone numbers of non-customers;

    d.  Defendant willfully placed telemarketing text messages to non-customers such as Plaintiff and the Classes, knowing it did not have prior express written consent to do so; and

    e.  It is Defendant's practice and history to place telemarketing text messages to non-customers without their prior express consent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant Plaintiff and the Class the following relief against Defendant:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

2. Declaratory relief as requested;

3. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

4. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

5. An award of attorneys' fees and costs to counsel for Plaintiff; and

6. Such other relief as the Court deems just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: January 24, 2018

Respectfully submitted,
By  */s/ Tamra Givens*
Tamra Givens, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff